## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Tracy A. Powell, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 6:23-919-RMG |
| | ) | |
| v. | ) | |
| | ) | |
| Martin O'Malley, Commissioner | ) | |
| of the Social Security Administration[1], | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |
| | ) | |
| _____ | ) | |

This matter comes before the Court for judicial review of the final decision of the Commissioner of Social Security denying Plaintiff's application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to the United States Magistrate Judge for pretrial handling. The Magistrate Judge issued a Report and Recommendation ("R & R") on December 6, 2023, recommending that the decision of the Commissioner be affirmed. (Dkt. No. 14). Plaintiff filed objections to the R & R, the Commissioner filed a response, and Plaintiff filed a reply. (Dkt. Nos. 15, 16, 19).

### Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation

---

[1] Martin O'Malley recently assumed office as Commissioner of Social Security and has been substituted as the named defendant pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of those portions of the R & R to which specific objection has been made, and may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge. 28 U.S.C. § 636(b)(1).

The role of the federal judiciary in the administrative scheme of the Social Security Act is a limited one. Section 405(g) of the Act provides that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes *de novo* review of factual circumstances that substitutes the Court's findings for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971).

Although the federal court's review role is limited, "it does not follow, however, that the findings of the administrative agency are mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings." *Vitek*, 438 F.2d at 1157-58.

### Factual Background

Plaintiff initially applied for DIB benefits on April 27, 2018 and SSI benefits on April 30, 2018, asserting a disability onset date of April 11, 2018 in both applications. Plaintiff had her first administrative hearing regarding her disability claims on June 11, 2020. The Administrative

-2-

Law Judge ("ALJ") issued a decision on June 24, 2020 and found that Plaintiff suffered from a number of severe physical and mental impairments, including cardiomyopathy, fibromyalgia, headaches, obesity, major depressive disorder, anxiety disorder, and panic disorder. Tr. 16-17. Plaintiff's heart related impairment, diagnosed as hypertrophic cardiomyopathy, had received a great deal of attention by Plaintiff's medical providers because she had an extensive family history of sudden cardiac death.  Tr. 391.

Despite these multiple severe physical and mental impairments, the ALJ found that Plaintiff retained the residual functional capacity ("RFC") to perform less than the full scope of light work.   The ALJ restricted Plaintiff's RFC by providing that "she can never climb ladders, ropes, or scaffolds" or be exposed to workplace hazards, only occasionally "climb ramps and stairs, balance, stoop, kneel, crouch and crawl," limited to "routine tasks performed two hours at a time." Tr. 25.  In reviewing the medical opinions in the record, the ALJ noted the opinion of Nurse Practitioner Rachel Case contained in an office note of February 23, 2018 that Plaintiff should "avoid . . . prolonged standing." Tr. 29.  This opinion was based upon Plaintiff's documented history of dizziness and lightheadedness, her diagnosis of "mildly orthostatic," and concern that she was at risk of injury from syncope (a sudden loss of consciousness) due to this condition. Tr. 401.  The ALJ found Nurse Practitioner Case's opinion "persuasive . . .consistent and supported." Tr. 29.

Plaintiff appealed the decision denying her Social Security disability benefits to United States District Court.  After Plaintiff filed her brief with the District Court, the Commissioner moved to have the case reversed and remanded to the agency for further administrative processing and a new hearing and decision. *Powell v. Kijakazi*, C.A. No. 6:20-4197, Dkt. No. 16.  The

motion was granted by the District Court and the case was referred initially to the Appeals

Council. (*Id.*, Dkt. No. 18).  The Appeals Council directed that the ALJ's decision of June 24,

2020 be vacated and remanded to the ALJ due to a number of legal errors.  Among these errors

was the failure to explain how a RFC for light work was consistent with the avoidance of

prolonged standing.  As the Appeals Council decision explained:

> The Administrative Law Judge found that the February 2018
> records from NP Case at ACA showing the claimant was
> encouraged to avoid sudden change in position or prolonged
> standing, and to sit to avoid risk of syncope are persuasive.
> Although the Administrative Law Judge found this evidence
> consistent and supported, it is unclear how the residual
> functional capacity for light work accommodates the
> direction to avoid prolonged standing and need to sit.

Tr. 1161 (internal citation omitted).

On remand, the ALJ again adopted the same RFC without providing for any limitation for

prolonged standing, this despite finding–again–Nurse Practitioner Case's opinion regarding the

need to avoid prolonged standing "generally persuasive."  Tr. 1100.  Plaintiff thereafter appealed

the second ALJ decision denying her disability benefits.

Plaintiff argues on appeal that the ALJ's second opinion failed to address the specific

issue raised by the Appeals Council on remand–how was a limitation on prolonged standing

compatible with light work?   (Dkt. No. 15 at 6-7).  Plaintiff noted that light work generally

requires "a good deal of walking or standing." 20 C.F.R. § 404.1567(b).   Indeed, as Social

Security Rules provide, the "primary difference" between a light duty and sedentary job is that a

light duty job "requires a good deal of walking or standing."  SSR 83-10, 1983 WL 31251, at *5

(1983).

The Commissioner argues in response that Nurse Practitioner Case's opinion should be

given little consideration by this Court because it was inconsistent with physician recommendations that Plaintiff engage in exercise, the opinion predated the relevant time period (by approximately two months), and the nurse practitioner treated Plaintiff on a single occasion. (Dkt. No. 16 at 3-4). In reply, Plaintiff argues that the reasons asserted by the Commissioner for not including the limitation on standing in the RFC were not mentioned by the ALJ in the hearing decision, which made such arguments by the Commissioner impermissible post-hoc rationalizations. (Dkt. No. 19 at 3).

## Discussion

It is important to note at the outset how close the differences are in the finding of the ALJ regarding Plaintiff's capacity to sustain competitive work and the position asserted by Plaintiff in this appeal. The ALJ readily recognized Plaintiff has multiple severe physical and mental impairments which have reduced her RFC to less than the full scope of light work, the lowest level of work performance that would not render Plaintiff disabled once she turned 50 years of age.[2] Plaintiff asserts that the combined effects of her numerous severe impairments, including her inability to engage in prolonged standing, should result in a RFC that limited her to sedentary work, which would generally render her disabled under Social Security regulations. 20 C.F.R. Pt. 404, Subpt. P, App. 2, §§ 201.00(g), 201.09.

The critical question presented to the Court on this appeal is whether the finding by the ALJ that the opinion of Nurse Practitioner Case that the Plaintiff should avoid prolonged standing is persuasive, consistent and supported is compatible with a RFC for light work. As previously

---

[2] Plaintiff was born on August 3, 1968 and turned 50 approximately six months after filing her disability applications.

noted, the "primary difference" between light and sedentary work under Social Security regulations and rules is that light work "requires a good deal of walking or standing," while sedentary work does not. 20 C.F.R. § 404.1567(b); SSR 83-10 at *5. The Appeals Council decision vacating the first ALJ decision drilled down on this very point, noting "[a]lthough the Administrative Law Judge found this evidence consistent and supported, it is unclear how the residual functional capacity for light work accommodates the direction to avoid prolonged standing and need to sit." Tr. 1161.

Despite the fact that the ALJ was specifically directed by the Appeals Council to address the apparent inconsistency between a RFC of light work and a finding that Nurse Case's opinion was persuasive that Plaintiff needed to avoid prolonged standing, the ALJ plainly failed to do this. On appeal, the Commissioner urges this Court to overlook this failure to address the Appeals Council's directive by arguing that the Nurse Practitioner's opinion to avoid prolonged standing really was not all that persuasive. In furtherance of that argument, the Commissioner argues that the opinion was reached outside the relevant time period (two months shy of the alleged onset date) and the nurse practitioner had a single clinical encounter with Plaintiff. The Commissioner further contends that the opinion to avoid prolonged standing was inconsistent with the advice of Plaintiff's doctors that she get more exercise.

There are many problems with the Commissioner's arguments. First, the ALJ found Nurse Practitioner Case's opinion to avoid prolonged standing persuasive and that opinion was part of a decision that became the Commissioner's decision when it became final within the agency. Thus, it is inappropriate for the Commissioner to now argue against his own decision. Second, it is well settled within the Fourth Circuit that medical evidence outside the relevant time

-6-

period can be given retrospective consideration if there is "linkage" to a medical condition at issue in the disability claim. *Bird v. Commissioner of Social Security*, 699 F.3d 337, 340-41 (4th Cir. 2012). Nurse Practitioner Case documented in a February 23, 2018 office note Plaintiff's complaints of dizziness and lightheadedness and made the diagnosis that Plaintiff was "mildly orthostatic." Tr. 401. Based on these symptoms and diagnosis, Nurse Practitioner Case stated that Plaintiff was "encouraged to avoid . . . prolonged standing." Plaintiff's alleged onset date began less than two months later, on April 11, 2018. The ALJ referenced subsequent reports of dizziness in 2020 and 2021, clearly linking this condition to the relevant time period. Moreover, the ALJ clearly made the linkage by referencing the February 23, 2018 opinion and finding it persuasive. Tr. 1092-93. In short, the fact that the initial report of the orthostatic condition was weeks before the onset date for the disability application has no legal significance.

Third, the Commissioner's argument that the opinion to avoid prolonged standing is inconsistent with the doctor's recommendation that Plaintiff exercise is, quite frankly, misleading. One of Plaintiff's physicians recommended that she increase her daily exercise to "at least 10 minutes of walking per day and increasing as tolerated to a goal of 150 minutes in a week." Tr. 1380. This is very different from the performance of light work, which would require hours of standing or walking daily five days a week, 52 weeks per year.

Finally, as noted by Plaintiff, the Commissioner's asserted reasons that the Court should give little weight to Nurse Practitioner Case's opinion were not mentioned by the ALJ and are, thus, improper pro hoc rationalizations. It is well settled that "principles of administrative law require the ALJ to rationally articulate the grounds for her decision and confine our review to the reasons supplied by the ALJ." *Steele v. Barnhart*, 290 F.3d 931, 941 (7th Cir. 2002); *Hedwin v.*

*Colvin*, 2014 WL 4536573, at *8 (D.S.C. Sept. 10, 2014).

The obvious conclusion is, as suggested by the Appeals Council, that a limitation on prolonged standing is incompatible with a RFC of light work. The ALJ failed to address the directive of the Appeals Council to explain this inconsistency because there is, in fact, no credible answer but to conclude that such an applicant, with her significant mental and physical impairments and a need to avoid prolonged standing, is limited to sedentary work. When Plaintiff turned 50 on August 3, 2018, she moved into a new age category under Social Security regulations, as "an individual approaching advanced age." A person in this age category limited to sedentary work is generally deemed disabled under the Social Security Act. 20 C.F.R. Pt. 404, Subpt. 9, App. 2, §§ 201.00(g); 201.09. In sum, the Court finds that the ALJ erred by not addressing the directive of the Appeals Council and concluding that a claimant's need to avoid prolonged standing was compatible with a RFC of light work.

One remaining issue is whether the Court should send this matter back to the agency for a second time to address the question that the ALJ failed to answer when directed to do so by the Appeals Council. The Court is mindful that Plaintiff filed this application for disability benefits more than five years ago, making another remand a very unattractive and unfair course of action.

This Court's general practice is to remand to the agency for further proceedings but it is well settled that the Court has the authority to award benefits. 42 U.S.C. § 405(g). An award of benefits by a district court is appropriate where, as here, the record is fully developed and it is clear the Commissioner would be required to award benefits on remand. *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004); *Holohan v. Massanairi*, 246 F.3d 1195, 1210 (9th Cir. 2001); *Brown v. Kijakazi*, No. 2:31-353-RMG, 2021 WL 5276031, at *2 (D.S.C. Nov. 12, 2021). This is

particularly true where there has been a significant lapse of time in the administrative processing of the claim. *Podedworny v. Harris*, 745 F.2d 210, 223 (3d Cir. 1984).  After being run through the administrative and appeal process for over five years, the time to award benefits has now arrived.

The final issue is whether the Court should apply the award to commence when Plaintiff reached 50 years of age, on August 3, 2018, or on her asserted onset date, April 11, 2018. Social Security regulations indicate that "[w]e will not apply the age categories mechanically in a borderline situation.  If you are within a few days to a few months of reaching an older age category, and using the older age category would result in a determination or decision that you are disabled, we will consider whether to use the older age category after evaluating the overall impact of all the factors in your case."  20 C.F.R. § 404.1563(b).  In this matter, Plaintiff's disabling impairments were present on her asserted onset date and nothing materially changed between that date and her 50th birthday, slightly over three months later.  Applying the regulatory language set forth above, the Court finds that Plaintiff's award should commence on her onset date of April 11, 2018.

## Conclusion

Based on the foregoing, the Court reverses the decision of the Commissioner pursuant to Sentence Four of 42 U.S.C. § 405(g) and remands the matter to the agency to award benefits from Plaintiff's onset date of April 11, 2018.

**AND IT IS SO ORDERED**.

<u>S/ Richard Mark Gergel</u>
Richard Mark Gergel
United States District Judge

January 18, 2024
Charleston, South Carolina